IN RE ADOPTION OF SLADKY: SLADKY ET AL., APPELLANTS, *v.* THE OHIO CHILDREN'S SOCIETY, INC., APPELLEE.

(No. 5938—Decided November 18, 1958.)

*Messrs. Elliott, Hilliard & Martin,* for appellants,
*Mr. Edwin M. Tuttle,* for appellee.

MILLER, J.  This is an appeal on questions of law from a judgment of the Probate Court of Franklin County, sustaining the motion of The Ohio Children's Society, a corporation, to quash the service of summons made upon it on March 8, 1957.

The record reveals that on June 13, 1955, Richard J. Sladky and Katherine Sladky, the appellants herein, filed their petition in the Probate Court, entitled "In the Matter of the Adoption of Robert Alan Sladky," and being case No. 165622, seeking the adoption of said child; and that on January 30, 1956, a final decree of adoption was duly entered.  Now the adopting parents are seeking to have the decree of adoption vacated and set aside on the ground that the court-appointed next friend of the child in the adopting proceedings, to wit, The Ohio Children's Society, knowingly made untrue and misleading reports to the court prior to the final decree.

The petition alleges further:

"* * * that said child at birth was afflicted with the congenital malformation known as mongolism; that said affliction is incurable; that said malformation was recognized and known by the defendant and the persons in interest referred to in the interlocutory decree filed in said case July 14, 1955; that said child was not of adoptive caliber; that said persons were aware of the fact that said child was not of adoptive caliber; and that in spite of such awareness the adoption was recommended to the court.

"Plaintiffs further state that they had no notice or knowledge of said malformation prior to or at the time of said final decree; that they were so advised by physicians on or about January 16, 1957, regarding the infant's affliction.

"Plaintiffs further state that this action is brought pursuant to Sections 2101.24 and 2101.33 of the Revised Code of Ohio and pursuant to the provisions of Chapter 2325 of the Revised Code of Ohio in so far as said provisions are applicable.

"Wherefore, plaintiffs pray that said final decree be vacated

and set aside; that disposition of said child be made pursuant to Section 3107.12 of the Revised Code of Ohio; and for such other and further relief as may be just and equitable under the circumstances.''

We have looked to the opinion of the court for the reason for its action and find that the court recognized its general equitable powers as set forth in Section 2101.24, Revised Code; also, that the Probate Court has the same power as the Court of Common Pleas to vacate or modify its judgment, citing Section 2101.33, Revised Code.

In considering the power of the Common Pleas Court to vacate its judgment under Section 2325.01 *et seq.,* Revised Code, the court was of the opinion that the only part of Section 2325.01, Revised Code, which could have application to the facts alleged in the petition would be under subdivision (D) which makes fraud practiced by the successful party in obtaining the judgment a ground for its vacation after term. This section was held not to apply for the following reasons:

(1) There is no adverse party in an adoption proceeding.

(2) The only party who could be said to be successful in such a proceeding would be the adopting parents whose petition had been granted.

(3) That, since the defendant could in no sense of the word be termed a ''successful'' party, it could not be a party at all.

We are in accord with these conclusions and, therefore, are of the opinion that the court properly sustained the motion to quash. However, does this terminate the action and prevent a judgment so as to make the order appealable under Section 2505.02 of the Revised Code?

The judgment entry reads as follows:

''This day this cause came on to be heard upon the motion of The Ohio Children's Society, a corporation, such corporation having filed a motion herein without having entered its appearance, and the court finds that said motion is well taken, and the same ought to be and hereby is sustained.

''Roscoe R. Walcutt<br>''Judge''

We are of the opinion that this entry does not terminate the action in its entirety but only terminates the action as to The

Ohio Children's Society. The court still has jurisdiction under its equitable powers to determine whether a fraud has been perpetrated upon it to such an extent that the petitioners are entitled to equitable relief.

In the case of *Jelm* v. *Jelm*, 155 Ohio St., 226, 98 N. E. (2d), 401, 22 A. L. R. (2d), 1300, the court discusses its equitable powers in vacating judgments. Judge Middleton said, at page 240:

"There is another basis for our conclusion that the Common Pleas Court had authority to entertain this action to vacate its former judgment. That court possesses inherent authority and the power to vacate its own judgments for fraud. Independent of and without the sanction of legislative enactment, a court of general jurisdiction such as the Common Pleas Courts of Ohio has the inherent right and power to protect itself against the perpetration of a fraud. Without such right and power the courts would become impotent as the judicial branch of government. A corollary to the possession of such right and power is the duty to exercise such power. The procurement of a judgment by fraud is a fraud upon the court as well as upon the opposing litigant. A judgment so procured can be vacated by exercise of the inherent power of the court. * * *"

In support of this statement, Judge Middleton cites 49 Corpus Juris Secundum, 486, Section 269; 1 Freeman on Judgments (5 Ed.), 458, Section 232; 1 Black on Judgments (2 Ed.), 489, Sections 320 and 321.

The appeal will, therefore, be dismissed for the reason that the order to which it is directed is not a final one under Section 2505.02 of the Revised Code.

The cause is ordered remanded to the Probate Court for further proceeding according to law.

*Judgment accordingly.*

PETREE, P. J., and BRYANT, J., concur.